1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9 | WHOLESALER EQUITY
DEVELOPMENT CORPORATION, a
10 | Delaware corporation,

11 |               Plaintiff,

12 |     v.

13 | BARGREEN and CROWN
DISTRIBUTING COMPANY OF
14 | EVERETT, INC., a Washington
corporation,
15

16 |            Defendants.

No. 2:20-cv-01095 RSM

**STIPULATED PROTECTIVE ORDER**

17

18     .    <u>PURPOSES AND LIMITATIONS</u>

19         Discovery in this action is likely to involve production of confidential, proprietary, or

20 private information for which special protection may be warranted. Accordingly, the parties

21 hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

22 parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

23 protection on all disclosures or responses to discovery, the protection it affords from public

24 disclosure and use extends only to the limited information or items that are entitled to

25 confidential treatment under the applicable legal principles, and it does not presumptively entitle

26 parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

2.     "CONFIDENTIAL"     AND     "CONFIDENTIAL—ATTORNEYS     EYES     ONLY"
MATERIAL

"CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged: non-public confidential financial information, including audit reports, financial data and information underlying all non-public audits and reporting, balance sheets, bookkeeping information, and other internal financial data; and competitively sensitive proprietary information including customer lists, customer contact information, internal organizational charts and information, employee information, and sales records.

"CONFIDENTIAL—ATTORNEYS EYES ONLY" material shall include any information or material produced or disclosed in the litigation that the designating party could designate as "CONFIDENTIAL," where the designating party has made a good faith determination that the disclosure of the information or material to another party or third-party would create a risk of injury or harm to the designating party (or to a third-party where the designating party is under a duty to maintain the information in confidence).

"CONFIDENTIAL" and "CONFIDENTIAL—ATTORNEYS EYES ONLY" material is generally referred to herein as confidential material.

3.     SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, unless such information enters the public domain as a result of a breach of this protective order.

STIPULATED PROTECTIVE ORDER - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1  4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

2      4.1    Basic Principles. A receiving party may use confidential material that is disclosed

3  or produced by another party or by a non-party in connection with this case only for prosecuting,

4  defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

5  categories of persons and under the conditions described in this agreement. Confidential material

6  must be stored and maintained by a receiving party at a location and in a secure manner that ensures

7  that access is limited to the persons authorized under this agreement.

8      4.2.1   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

9  by the court or permitted in writing by the designating party, a receiving party may disclose any

10 material designated "CONFIDENTIAL" only to:

11          (a)     the receiving party's counsel of record in this action (including in house

12 counsel), as well as employees of counsel to whom it is reasonably necessary to disclose the

13 information for this litigation;

14          (b)     the officers, directors, and employees (including in house counsel) of the

15 receiving party to whom disclosure is reasonably necessary for this litigation;

16          (c)     experts and consultants to whom disclosure is reasonably necessary for this

17 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18          (d)     the court, court personnel, and court reporters and their staff;

19          (e)     copy or imaging services retained by counsel to assist in the duplication of

20 confidential material, provided that counsel for the party retaining the copy or imaging service

21 instructs the service not to disclose any confidential material to third parties and to immediately

22 return all originals and copies of any confidential material;

23          (f)     during their depositions, witnesses in the action to whom disclosure is

24 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

25 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

26 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

STIPULATED PROTECTIVE ORDER - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1    be separately bound by the court reporter and may not be disclosed to anyone except as permitted

2    under this agreement;

3              (g)    the author or recipient of a document containing the information or a

4    custodian or other person who otherwise possessed or knew the information.

5    4.2.2   Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY"

6    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

7    designating party, a receiving party may disclose any material designated "HIGHLY

8    CONFIDENTIAL—ATTORNEYS EYES ONLY" only to those persons identified in Sections

9    4.2.1(a), (c), (d), (e), and (g).

10   4.3   Filing Confidential Material. Before filing confidential material or discussing or

11   referencing such material in court filings, the filing party shall confer with the designating party

12   to determine whether the designating party will remove the confidential designation, whether the

13   document can be redacted, or whether a motion to seal or stipulation and proposed order is

14   warranted. During the meet and confer process, the designating party must identify the basis for

15   sealing the specific confidential information at issue, and the filing party shall include this basis

16   in its motion to seal, along with any objection to sealing the information at issue. Local Civil

17   Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied

18   when a party seeks permission from the court to file material under seal. A party who seeks to

19   maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule

20   5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement

21   will result in the motion to seal being denied, in accordance with the strong presumption of

22   public access to the Court's files.

23   5.   DESIGNATING PROTECTED MATERIAL

24   5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party

25   or non-party that designates information or items for protection under this agreement must take

26

STIPULATED PROTECTIVE ORDER - 4

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1    care to limit any such designation to specific material that qualifies under the appropriate

2    standards.

3         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

4    shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

5    unnecessarily encumber or delay the case development process or to impose unnecessary expenses

6    and burdens on other parties) expose the designating party to sanctions.

7         If it comes to a designating party's attention that information or items that it designated for

8    protection do not qualify for protection, the designating party must promptly notify all other parties

9    that it is withdrawing the mistaken designation.

10        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

11   agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

12   ordered, disclosure or discovery material that qualifies for protection under this agreement must

13   be clearly so designated before or when the material is disclosed or produced.

14        (a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and

15   deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

16   the designating party must affix the word "CONFIDENTIAL" to each page that contains

17   confidential material.

18        (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

19   and any participating non-parties must identify on the record, during the deposition or other pretrial

20   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

21   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

22   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

23   exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information

24   at trial, the issue should be addressed during the pre-trial conference.

25        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place

26   on the exterior of the container or containers in which the information or item is stored the word

STIPULATED PROTECTIVE ORDER - 5

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

1  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

2  the producing party, to the extent practicable, shall identify the protected portion(s).

3        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

4  designate qualified information or items does not, standing alone, waive the designating party's

5  right to secure protection under this agreement for such material. Upon timely correction of a

6  designation, the receiving party must make reasonable efforts to ensure that the material is treated

7  in accordance with the provisions of this agreement.

8  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9        6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

10  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

11  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

12  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

13  challenge a confidentiality designation by electing not to mount a challenge promptly after the

14  original designation is disclosed.

15        6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

16  regarding confidential designations without court involvement. Any motion regarding confidential

17  designations or for a protective order must include a certification, in the motion or in a declaration

18  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

19  affected parties in an effort to resolve the dispute without court action. The certification must list

20  the date, manner, and participants to the conference. A good faith effort to confer requires a face-

21  to-face meeting or a telephone conference.

22        6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

23  intervention, the designating party may file and serve a motion to retain confidentiality under Local

24  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

25  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

26  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

STIPULATED PROTECTIVE ORDER - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

1  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

2  the material in question as confidential until the court rules on the challenge.

3  7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

4  LITIGATION

5      If a party is served with a subpoena or a court order issued in other litigation that compels

6  disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

7  must:

8      (a)     promptly notify the designating party in writing and include a copy of the

9  subpoena or court order;

10      (b)     promptly notify in writing the party who caused the subpoena or order to

11  issue in the other litigation that some or all of the material covered by the subpoena or order is

12  subject to this agreement. Such notification shall include a copy of this agreement; and

13      (c)     cooperate with respect to all reasonable procedures sought to be pursued by

14  the designating party whose confidential material may be affected.

15  8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16      If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

17  material to any person or in any circumstance not authorized under this agreement, the receiving

18  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

19  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

20  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

21  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

22  Bound" that is attached hereto as Exhibit A.

23  9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

24  MATERIAL

25      When a producing party gives notice to receiving parties that certain inadvertently

26  produced material is subject to a claim of privilege or other protection, the obligations of the

STIPULATED PROTECTIVE ORDER - 7

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2   is not intended to modify whatever procedure may be established in an e-discovery order or

3   agreement that provides for production without prior privilege review. The parties   agree to the

4   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5   10.      <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

6           Within 60 days after the termination of this action, including all appeals, each receiving

7   party must return all confidential material to the producing party, including all copies, extracts and

8   summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

9           Notwithstanding this provision, counsel are entitled to retain one archival copy of all

10  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

11  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

12  product, even if such materials contain confidential material.

13          The confidentiality obligations imposed by this agreement shall remain in effect until a

14  designating party agrees otherwise in writing or a court orders otherwise.

15          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

16

17

18  DATED: October 9, 2020                          _s/Maren R. Norton, WSBA #35435_
                                                        Attorneys for Plaintiff
19

20  DATED: October 9, 2020                          _s/Paul Taylor, WSBA #14851_
                                                        Attorneys for Defendants
21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 8

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1       PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

2       IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

4  in any other court, constitute a waiver by the producing party of any privilege applicable to those

5  documents, including the attorney-client privilege, attorney work-product protection, or any other

6  privilege or protection recognized by law.

7  DATED:  October 16, 2020.

8

9

10

11             RICARDO S. MARTINEZ
               CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 9

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1   <u>EXHIBIT A</u>

2   <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3   I, _____ [print or type full name], of

4   _____ [print or type full address], declare under penalty of

5   perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6   issued by the United States District Court for the Western District of Washington on [date] in the

7   case of *Wholesaler Equity Development Corporation v. Peter Bargreen et al.*, No. 2:20-cv-01095

8   RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

9   and I understand and acknowledge that failure to so comply could expose me to sanctions and

10  punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

11  any information or item that is subject to this Stipulated Protective Order to any person or entity

12  except in strict compliance with the provisions of this Order.

13  I further agree to submit to the jurisdiction of the United States District Court for the

14  Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16  Date: _____

17  City and State where sworn and signed: _____

18  Printed name: _____

19  Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 10

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

108074148.1 0079444-00047