UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHOLESALER EQUITY DEVELOPMENT CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BARGREEN and CROWN DISTRIBUTING COMPANY OF EVERETT, INC., a Washington corporation,<br><br>Defendants. | No. 2:20-cv-01095 RSM<br><br>**STIPULATED MOTION AND ORDER TO STAY PROCEEDINGS** |

### I. STIPULATED MOTION

The undersigned parties, by and through their respective attorneys of record, hereby stipulate and move the Court to enter the below order staying the proceedings in this case.

As the Court is aware from materials submitted in connection with Plaintiff Wholesaler Equity Development Corporation's ("Wedco") Motion for Preliminary Injunction, Crown Distributing LLC ("Crown LLC") is jointly owned by Plaintiff Wedco and Defendant Peter Bargreen through his wholly owned company, Defendant Crown Distributing Company of Everett, Inc. ("Crown of Everett"). (*See, e.g.*, Dkt. #9, Declaration of David T. West ("West Decl.") ¶¶ 3, 5; West Decl. Ex. A Operating Agreement at § 5.1(a).) Wedco previously exercised its right under

the Operating Agreement to appoint a liquidating trustee to assume the position of Manager under the Operating Agreement and wind down Crown LLC. (*See, e.g.*, West Decl. ¶¶ 64-65 and Exs. K, L, and M.) Since the Court granted Wedco's Motion for Preliminary Injunction, the liquidating trustee has been in place, is performing his duties, and is pursuing the sale of Crown LLC. The parties agree that the sale of Crown LLC may provide an opportunity to resolve some or all of the issues in this litigation, and therefore seek a stay of proceedings pending the sale.

Trial in this matter is currently scheduled for November 8, 2021, and the parties are poised to engage in expensive full-blown discovery, including document productions, depositions, and expert discovery. A stay would allow the parties and the Court to conserve scarce resources while the liquidating trustee pursues a sale of Crown LLC, at which time the parties will be in a better position to resolve some or all of the issues in this case. If the parties are unable to fully resolve their differences at the time of the sale, they will present for the Court's consideration a proposal to modify the scheduling order that would enable the parties to resume discovery and complete the case.

It is well-settled that a "district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). This power resides in the "sound discretion" of the district court, and the district court must consider "the competing interests which will be affected by the granting or refusal to grant a stay." *Id*. Here, the parties agree that is in the best interests of all parties to stay the litigation and that no party will be damaged as a result of a stay.

For the foregoing reasons, the parties hereby stipulate to and respectfully request a stay of proceedings in this matter while the liquidating trustee pursues the sale of Crown LLC. The parties propose to file a joint status report at the time the business is sold or on September 26, 2021 (six months after the filing of this stipulation), whichever occurs first.

STIPULATED MOTION AND ORDER TO STAY PROCEEDINGS - 2

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: March 26, 2021                               *s/Maren R. Norton*, WSBA #35435
                                                                                   Attorneys for Plaintiff

DATED: March 26, 2021                               *s/Paul Taylor*, WSBA #14851
                                                                                   Attorneys for Defendants

**ORDER**

Given the above Stipulation, the Court hereby finds and ORDERS that this matter is stayed while the liquidating trustee pursues the sale of Crown LLC. The Parties are to file periodic joint status reports every three months after this Order is entered, or at the time the business is sold, whichever occurs first.

DATED this 26th day of March, 2021

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED MOTION AND ORDER TO STAY PROCEEDINGS - 3