UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHOLESALER EQUITY DEVELOPMENT CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PETER BARGREEN and CROWN DISTRIBUTING COMPANY OF EVERETT, INC., a Washington corporation,<br><br>Defendants. | Case No. C20-1095RSM<br><br>ORDER DENYING MOTION TO CLARIFY PRELIMINARY INJUNCTION |

This matter comes before the Court on Defendants Peter Bargreen and Crown Distributing Company of Everett, Inc. ("Crown of Everett")'s Motion to Clarify Preliminary Injunction. Dkt. #43. The Court has determined that oral argument is unnecessary.

The facts of this case have already been set forth by the Court in its Order Granting Motion for Preliminary Injunction and are incorporated here by reference. *See* Dkt. #35. After that Order was granted, the parties filed a stipulated Motion to Stay Proceedings wherein Defendants stipulated to the fact that a "liquidating trustee" had been appointed to "wind down Crown LLC," using this as a basis to stay the case "pending the sale." Dkt. #36.

ORDER DENYING MOTION TO CLARIFY PRELIMINARY INJUNCTION - 1

Defendants now file a Motion to "clarify" the Court's Preliminary Injunction. Defendants inform the Court that the trustee has calculated the value of Crown LLC at one figure but has agreed to sell the assets to Anheuser-Busch for a much lower figure. Dkt. #43 at 2. Defendants also state:

> If the sale proceeds, what was preliminary likely becomes permanent. The majority owner of the business will lose the business without ever having his day in court. That is neither right nor fair, nor is it the purpose of a preliminary injunction.
>
> The Court should clarify that the sale cannot occur until the trial on the merits can be held. Alternatively, under Washington law, Crown LLC must be paid the fair market value of the distribution rights AB is acquiring. RCW 19.126.040(4). If the parties cannot agree on the fair market value (and they cannot) arbitration is mandatory under RCW 19.126.040(7). The existing injunction can be read to preclude Crown's majority owner, Mr. Bargreen, from initiating that mandatory arbitration. If the Court declines to restrain the sale, Mr. Bargreen seeks clarification that he can, on behalf of Crown, pursue the required statutory arbitration procedure.

*Id.* Defendants argue that the pending sale "violates the purpose of the preliminary injunction." *Id*. at 4.

In response, Plaintiff characterizes the instant Motion as an attempt "to re-litigate the exact same issue decided ten months ago" based on the same record. Dkt. #50 at 1. Plaintiff points out that a wind-down of the business and sale were always the goal as presented to the Court.

Plaintiff attacks Defendants' position that the valuation and attempted sale of Crown LLC was somehow improper by citing the Joint Status Report: "The liquidating trustee conducted a bid process and several potential buyers submitted bids. Crown LLC signed a Letter of Intent with the winning bidder and is in the process of negotiating a final purchase agreement." *Id*. at 2 (citing Dkt. #39).

ORDER DENYING MOTION TO CLARIFY PRELIMINARY INJUNCTION - 2

Regarding the need for arbitration, Plaintiff states:

> The section of the Washington Wholesale Distributor/Supplier Equity Agreement Act that defendants purport to rely upon is completely inapplicable here. It provides a procedure for determining fair market value in the event that a supplier terminates a distributorship without cause. RCW § 19.126.040(4). Crown LLC's distribution rights have not been terminated and so the statute does not apply. There is no "terminated distributor," no "terminated distribution rights," and no "successor distributor" within the meaning of Section 19.126.040. Nor are the parties that would participate in such an arbitration—even if the statute applied, which it does not—before this Court.

*Id*. at 3.

Defendants did not file a reply brief.

The Court agrees with Plaintiff that the instant Motion is either an untimely motion for reconsideration or a motion for preliminary injunction that fails to set forth the proper facts or legal analysis for such a Motion. The Court finds that a wind-down and sale was anticipated by the parties and the Court at the outset of this case and that such cannot serve as a basis for reconsidering the Court's prior Order. Furthermore, Defendants have failed to demonstrate that the sale must be enjoined, or that the bid process resulted in an unfair outcome. The Court agrees with Plaintiff that RCW 19.126.040(7) is inapplicable to this situation because Crown LLC's beer distribution rights have not been terminated.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Clarification is DENIED. The Motions to Seal filed by the parties, Dkts. #40 and #45, are GRANTED. Dkts. #43, #50, #51, and #52 shall remain under seal.

//

//

ORDER DENYING MOTION TO CLARIFY PRELIMINARY INJUNCTION - 3

DATED this 29th day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO CLARIFY PRELIMINARY INJUNCTION - 4