UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHOLESALER EQUITY DEVELOPMENT CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PETER BARGREEN and CROWN DISTRIBUTING COMPANY OF EVERETT, INC., a Washington corporation,<br><br>Defendants. | Case No. C20-1095RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants Peter Bargreen and Crown Distributing Company of Everett, Inc. ("Crown of Everett")'s Motion for Reconsideration. Dkt. #57. Defendants seek reconsideration of the Court's Order yesterday denying Defendants Motion for clarification of the preliminary injunction in this case. Defendants point to two errors:

> First, the order states that defendants did not file a reply brief. The reply brief was filed on November 29, 2021. It was not filed on the noting date, November 26, 2021, because the Court's website states the Court was closed that day. Per Fed. R. Civ. P. 6(a)(3), that made November 29, 2021, the filing date. Additionally, per Rule 6(a)(6)(C), November 26, 2021, was a Washington State holiday. RCW 1.16.050….
>
> Second, the Court's order says Crown, LLC's distribution rights will not be terminated. As detailed in the attached brief, they are being terminated because this is an asset sale, not an equity sale. The right

ORDER DENYING MOTION FOR RECONSIDERATION - 1

to distribute Anheuser-Busch products is a Crown asset that will be sold by Crown to an AB affiliate. Crown's right to distribute will be terminated.

*Id*. at 1–2.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

The Court has determined that a responsive brief is unnecessary. The Court apologizes for its error in failing to review Defendants' Reply brief, filed after the original noting date but within an extended period of time permitted by Rule 6. The Court has now reviewed this Reply brief. The Court finds no error in its prior ruling. The Court has considered Defendants' argument that Crown LLC's right to distribute will be terminated by an asset sale and finds that this does not show manifest error in the prior ruling or a matter that was overlooked or misapprehended. Although Crown's assets will be sold, this does not trigger the arbitration rights of RCW 19.126.040 for the reasons stated in the Court's Order and identified in Plaintiff's briefing. An agreement of distributorship is not being terminated by a supplier, the agreement is being transferred to a successor by a liquidating trustee through a process that was wholly foreseeable by the parties and the Court for the last year. Given all of the above, Defendants have failed to state a basis to reconsider the Court's prior ruling.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration, Dkt. #57, is DENIED.

DATED this 1st day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 3