UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHOLESALER EQUITY DEVELOPMENT CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PETER BARGREEN and CROWN DISTRIBUTING COMPANY OF EVERETT, INC., a Washington corporation,<br><br>Defendants. | Case No. C20-1095RSM<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

     This matter comes before the Court on Defendants Peter Bargreen and Crown Distributing Company of Everett, Inc. ("Crown of Everett")'s Motion for Leave to Amend their Answer to add counterclaims against Wedco and third-party claims against Wedco's parent company. Dkt. #69. This Motion was filed on March 3, 2022. The deadline set by the Court's Scheduling Order for amending the pleadings was October 13, 2020. Dkt. #27. This deadline was never extended. On March 26, 2021, the parties stipulated to stay this case while the liquidating trustee pursued a sale of Crown LLC. *See* Dkts. #36 and #37. On January 7, 2022, the parties requested the Court lift the stay and enter a new scheduling order. Dkt. #67.

     Once a district court files a scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadlines for amending a pleading or joining a party expire, a party's

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 1

motion to amend a pleading or join an additional party is governed by Rule 16, not Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

The Court has reviewed the briefing of the parties and the record and finds that Defendants have been reasonably diligent in pursuing these claims given the unusual circumstances of this case. At least some of the delay is due to a stipulated stay and uncertainty about the sale. Further, the early state of discovery and the significant amount of time before trial lead the Court to find that prejudice to Plaintiff will be minimal if the Court permits amendment. It is possible Defendants could pursue these claims in a separate action if the Court denied the instant relief. Permitting amendment therefore conserves judicial resources and avoids wasting the time and resources of the parties. The Court is not convinced on this limited briefing that Defendants' proposed claims are futile.

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 2

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Leave to Amend their Answer, Dkt. #69, is GRANTED. Defendants shall immediately file the Answer attached to their Motion.

DATED this 23rd day of March, 2022.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE