UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHOLESALER EQUITY DEVELOPMENT CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PETER BARGREEN and CROWN DISTRIBUTING COMPANY OF EVERETT, INC., a Washington corporation,<br><br>Defendants. | Case No. C20-1095RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff Wholesaler Equity Development Corporation's Motion to Dismiss Defendants' Counterclaims, Dkt. #86, and Third Party Defendant Anheuser-Bush Companies, LLC's Motion to Dismiss Third Party Claims, Dkt. #98. Defendants Peter Bargreen and Crown Distributing Company of Everett, Inc., oppose both Motions. Dkts. #89 and #102. The Court has determined that oral argument is unnecessary. For the reasons stated below, the Court GRANTS both Motions with leave to amend.

## II.     BACKGROUND

The general background information of this case has already been set forth by the Court. Dkt. #35 at 2–6. For purposes of this Motion to Dismiss, the Court will accept all facts stated in

ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND - 1

Defendants' Counterclaims and Third-Party Claims as true. *See* Dkt. #81 at 9–12. Unfortunately, the Court has been unable to fully distinguish factual statements in that pleading from conclusory allegations.

Counterclaim Plaintiffs are Peter Bargreen and Crown Distributing Company of Everett. Counterclaim Defendant is Wholesaler Equity Development Corporation ("Wedco"). Anheuser-Bush Companies, LLC ("AB") out of St. Louis, Missouri, is a third-party Defendant.

Mr. Bargreen and Crown Distributing allege that "Wedco, without adequate basis, instituted the dissolution process in the Crown LLC Agreement in breach of that agreement," resulting in "the assets of Crown LLC being sold at well below their fair market value to an entity owned and controlled by Wedco's parent company, AB." Wedco did this by taking "affirmative steps to depress the value of Crown LLC and increase its expenses;" including interfering with Crown's efforts to secure conventional financing and interfering with Crown's obtaining a PPP grant from the federal government. Wedco also refused to approve Crown's new Chief Financial Officer. All of these actions were done at the direction of AB. Further detail is lacking.

As a result of the dissolution of Crown LLC, Peter Bargreen was terminated as manager.

Mr. Bargreen alleges that AB is the "alter ego" of Wedco. Wedco has no employees, Wedco's representatives were employed and paid by AB, and Wedco and AB "share the same office space, principal business address, registered agent, and support resources."

The decision to dissolve Crown LLC was made, instituted, and overseen by AB. The dissolution process was handled by a trustee selected by AB, not Wedco. Wedco "acted against its self-interest because it was dominated and controlled by AB." Further details are absent from the pleading.

ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND - 2

Mr. Bargreen and Crown plead breach of contract and breach of good faith and fair dealing against Wedco, and bring third-party claims against AB for vicarious liability, tortious interference, and conspiracy.

### III. DISCUSSION

A. **Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

//

//

ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND - 3

## B. Analysis

Wedco and AB argue that all of the counterclaims and third-party claims are lacking in factual details and conclusory. The Court agrees. Mr. Bargreen and Crown have set forth only a skeletal outline of facts. There are no specifics—the who, what, where, when, and how are all missing. Only the "why" is present—to harm Mr. Bargreen and to obtain Crown at a lower price. Mr. Bargreen and Crown have pled labels and conclusions (or a formulaic recitation of the elements) for each of these causes of action. It is legally insufficient for Mr. Bargreen and Crown to omit factual details in pleading because, as they say, these are "matters that have been briefed extensively, with supporting declarations." *See* Dkt. #89 at 2. Although Wedco and AB appear to offer some valid substantive arguments, the Court will not dive further into these claims knowing full well that they must be amended with greater factual support to be plausible on their face. Dismissal is clearly warranted under the above standards.

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.

ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND - 4

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court finds that the above deficiencies with the Counterclaims and third-party claims can possibly be cured by amendment. There has been no previous amendment to these claims, or bad faith evidence presented. The Court will grant leave to amend, and advises Mr. Bargreen and Crown to thoroughly review the factual deficiencies identified by Wedco and AB in briefing. Leave to amend will not be granted a second time.

### IV.  CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that the above Motions to Dismiss, Dkts. #86 and #98, are GRANTED. Mr. Bargreen and Crown's counterclaims and third-party claims are DISMISSED with leave to amend. Mr. Bargreen and Crown shall have thirty (30) days to file an amended Answer with additional factual support for these claims. If Plaintiff fails to do so, this case will be closed. The Court requests that any amended pleading completely replace the existing Answer and be clearly labeled as such.

DATED this 24th day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND - 5